FILED IN OPEN COURT
APR - 9 2018
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-19 /1:18cr161 |
| | ) | |
| SEAN ANDREW DUNCAN, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Tracy Doherty-McCormick, Acting United States Attorney for the Eastern District of Virginia; Gordon D. Kromberg and Colleen E. Garcia, Assistant United States Attorneys; the defendant, SEAN ANDREW DUNCAN; and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1. **Offense and Maximum Penalties**

The defendant agrees to plead guilty to the count of the indictment charging him with obstruction of justice, in violation of Title 18, United States Code, Section 1519. The maximum penalties for this offense are a term of 20 years of imprisonment, a fine of $250,000, a special assessment pursuant to 18 U.S.C. § 3013, and three years of supervised release. The defendant also agrees to waive indictment and plead guilty to a criminal information, charging him with receiving child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2). The maximum penalties for this offense are a mandatory minimum term of five years of imprisonment and a maximum possible term of 20 years of imprisonment, a fine of $250,000, full restitution, special assessments pursuant to 18 U.S.C. § 3013 and 3014, and a supervised

release term of any term of years not less than five, or life. The defendant understands that both supervised release terms described above are each in addition to any prison terms the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

2. **Detention Pending Sentencing**

The defendant understands that this case is governed by 18 U.S.C. §§ 3143(a)(2) and 3145(c). These provisions provide that a judicial officer shall order that a person who has been found guilty of an offense of this kind be detained unless there are statutory justifications why such person's detention would not be appropriate.

3. **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

4. **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a.     the right to plead not guilty and to persist in that plea;

    b.     the right to a jury trial;

    c.    the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

    d.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

**5.    Role of the Court and the Probation Office**

The United States and the defendant agree that the defendant's sentence shall be imposed pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The United States and the defendant agree that a sentence within a range of 15 years to 20 years of incarceration is the appropriate disposition of this case, and that, if the Court accepts the defendant's guilty plea, then such recommendation or request binds the Court pursuant to Rule 11(c)(1)(C). The United States and the defendant understand that the United States will seek a sentence of 20 years of incarceration.

The United States and the defendant agree that, for purposes of Application Note 2 to Section 3A1.4. of the *Sentencing Guidelines*, the obstruction of justice charged in the Indictment, in violation of 18 U.S.C. § 1519, obstructed an investigation of a federal crime of terrorism.

The United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a

level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

### 6. Waiver of Appeal, FOIA and Privacy Act Rights

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### 7. Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $100 per count of conviction. The defendant understands and agrees that, pursuant to 18 U.S.C. § 3014, if the Court should find that the defendant is non-indigent, the Court shall assess a special assessment of $5,000 for his conviction of the charge in the Criminal Information. However, the special assessment shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related

to victim compensation arising from the criminal convictions on which the special assessment is based.

### 8. Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

### 9. Restitution

Defendant agrees that restitution is mandatory pursuant to 18 U.S.C. §§ 2259 and 3663A. Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. The Court will determine restitution at sentencing. At this time, the United States is not aware of any restitution that the Court should impose in this case.

### 10. Immunity from Further Prosecution in this District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the indictment, the criminal information,

or the statement of facts, except that the United States may prosecute the defendant for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the indictment or information as an offense. In such a prosecution, the United States may allege and prove conduct described in the indictment, the information, or the statement of facts. "Crime of violence" has the meaning set forth in 18 U.S.C. § 16. In addition, notwithstanding any other provision of this paragraph, the United States will not further prosecute the defendant in the Eastern District of Virginia for the receipt or production of child pornography that may exist on the computer media that was seized from him or his residence on December 29, 2017.

**11.    Sex Offender Registration and Notification Act**

The defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: where the defendant resides; is an employee; or is a student. The defendant understands that the requirements for registration include providing true name, residence address, and names and addresses of any places where the defendant is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of the defendant's name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**12.    Defendant's Cooperation**

The defendant agrees to cooperate fully and truthfully with the United States, and provide all information known to the defendant regarding any criminal activity as requested by the government. In that regard:

 a. The defendant agrees to testify truthfully and completely at any grand juries, trials or other proceedings.

 b. The defendant agrees to be reasonably available for debriefing and pre-trial conferences as the United States may require.

 c. The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

 d. The defendant agrees that, at the request of the United States, the defendant will voluntarily submit to polygraph examinations, and that the United States will choose the polygraph examiner and specify the procedures for the examinations.

 e. The defendant agrees that the Statement of Facts is limited to information to support the plea. The defendant will provide more detailed facts relating to this case during ensuing debriefings.

 f. The defendant is hereby on notice that the defendant may not violate any federal, state, or local criminal law while cooperating with the government, and that the government will, in its discretion, consider any

        such violation in evaluating whether to file a motion for a downward departure or reduction of sentence.

   g.    Nothing in this agreement places any obligation on the government to seek the defendant's cooperation or assistance.

**13.    Use of Information Provided by the Defendant Under This Agreement**

The United States will not use any truthful information provided pursuant to this agreement in any criminal prosecution against the defendant in the Eastern District of Virginia, except in any prosecution for a crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence (as defined in 18 U.S.C. § 16). Pursuant to U.S.S.G. § 1B1.8, no truthful information that the defendant provides under this agreement will be used in determining the applicable guideline range, except as provided in Section 1B1.8(b). Nothing in this plea agreement, however, restricts the Court's or Probation Officer's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the government in any way from prosecuting the defendant should the defendant knowingly provide false, untruthful, or perjurious information or testimony, or from using information provided by the defendant in furtherance of any forfeiture action, whether criminal or civil, administrative or judicial. The United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested.

**14.    Defendant Must Provide Full, Complete and Truthful Cooperation**

This plea agreement is not conditioned upon charges being brought against any other individual. This plea agreement is not conditioned upon any outcome in any pending investigation. This plea agreement is not conditioned upon any result in any future prosecution which may occur because of the defendant's cooperation. This plea agreement is not

conditioned upon any result in any future grand jury presentation or trial involving charges resulting from this investigation. This plea agreement is conditioned upon the defendant providing full, complete and truthful cooperation.

### 15. Motion for a Downward Departure

The parties agree that the United States reserves the right to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate.

### 16. Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a. The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

    b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date

this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence. The proceeding established by this paragraph does not apply, however, to the decision of the United States whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements. The defendant agrees that the decision whether to file such a motion rests in the sole discretion of the United States.

17. **Nature of the Agreement and Modifications**

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

                                              Tracy Doherty-McCormick
                                              Acting United States Attorney

By: _____
        Colleen E. Garcia
        Gordon D. Kromberg
        Assistant United States Attorneys

<u>Defendant's Signature</u>: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal indictment and criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 04-14-2018

SEAN ANDREW DUNCAN
Defendant

<u>Defense Counsel Signature</u>: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending indictment and criminal information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 4-4-2018

Elizabeth Mullin
Counsel for the Defendant