FILED

2018 JUN 29 P 4:38

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:18CR19 |
| ) | 1:18CR161 |
| ) | Hon. Leonie M. Brinkema |
| SEAN ANDREW DUNCAN, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION TO SEAL

Pursuant to Local Criminal Rule 49(E), the defendant, Sean Andrew Duncan, through counsel, moves for an order sealing the attached documents: Exhibit 1 (Mental Health Information) to Defendant's Position with Regard to Sentencing Factors and Defendant's Position with Regard to Sentencing Factors (without redaction). A proposed Order is attached for the consideration of the Court.[1]

In support of this motion, the defendant provides the following information:

I.  Items to be Sealed and Necessity for Sealing

    A.  The defendant asks the Court to seal the documents filed with the Court.

    B.  Sealing is necessary in order to safeguard the privacy of the defendant in that the documents contain private medical and other sensitive information about the defendant. Counsel

---

[1] The documents to be sealed will be filed with the Court non-electronically pursuant to Local Criminal Rule 49(E) and the Electronic Case Filing Policies and Procedures. Pursuant to the Local Rules, the sealed document is to be treated as sealed pending the outcome of this motion.

1

for the defendant has considered procedures other than sealing and none will suffice to protect this information from disclosure.

II. <u>Previous Court Decisions Which Concern Sealing Documents</u>

A. The Court has the inherent power to seal materials submitted to it. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

B. This Court previously has sealed documents in other cases dealing with the same subject matter as the documents sought to be sealed.

III. <u>Period of Time to Have the Document Under Seal</u>

A. The materials to be filed under seal will need to remain sealed permanently or until unsealed by the Court.

Accordingly, the defendant respectfully requests that an order be entered allowing the aforementioned documents to be placed Under Seal.

Respectfully submitted,

Sean Duncan

By Counsel

_____/s/_____
Elizabeth Mullin
Virginia Bar Number 86668
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0879 (T)
(703) 600-0880 (F)
Elizabeth_Mullin@fd.org (email)

CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2018, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Gordon Kromberg, Esq.
Colleen Garcia, Esq.
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the foregoing pleading will be delivered to Chambers within one business day of the electronic filing.

By Counsel

/s/
Elizabeth Mullin
Virginia Bar Number 86668
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0879 (T)
Elizabeth_Mullin@fd.org